UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21326-CIV-ALTONAGA

**YARIEL JIMENEZ MAYEA**,

    Petitioner,

v.

**UNITED STATES IMMIGRATION
AND CUSTOMS ENFORCEMENT**, *et al.*,

    Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*. On February 18, 2026, *pro se* Petitioner, Yariel Jimenez Mayea filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1], challenging his detention in the custody of Immigration and Customs Enforcement ("ICE"). (*See generally* Pet.). For the following reasons, the Court concludes it lacks jurisdiction to consider the Petition and transfers this case to the United States District Court for the Middle District of Florida.

"Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991); *see also United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020) (recognizing "[u]nder the plain language of [section] 2241, 'jurisdiction lies in only one district: the district of confinement'" (alterations added; quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))). Petitioner is presently confined at Florida Soft Side South — an immigration detention facility at 54575 Tamiami Trail

CASE NO. 26-21326-CIV-ALTONAGA

East, in Ochopee, Florida.[1] (*See* Pet. 1).[2] Ochopee, Florida, is served by Collier County, which lies in the Middle District of Florida. *See* 28 U.S.C. § 89(b). Because Petitioner is confined there, "[a]ny other district court lacks jurisdiction" over the Petition. *United States v. Brown*, 748 F. App'x 286, 287 (11th Cir. 2019) (alteration added; citing *Fernandez*, 941 F.2d at 1495).

Accordingly, it is

**ORDERED** that the Clerk is directed to **TRANSFER** this case to the United States District Court for the Middle District of Florida, Fort Myers Division. *See* M.D. Fla. L.R. 1.04(a). All pending motions are **DENIED as moot**. Upon transfer to the Middle District of Florida, the Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 27th day of February, 2026.

*[signature: Cecilia M. Altonaga]*
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   Petitioner, *pro se*

---

[1] Independent review of public records confirms Petitioner's present confinement at Florida Soft Side South in Ochopee, Florida. *See* https://locator.ice.gov/odls/#/details (A#: 213-561-977; Country of Birth: Cuba); *see also Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111–12 (S.D. Fla. 2022) (recognizing "[s]everal district courts within the Eleventh Circuit have taken judicial notice of USCIS decisions and other information readily available on the websites of government agencies, finding such information was not subject to reasonable dispute and was capable of accurate and ready determination" (alteration added; citing cases)).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.